[876 NYS2d 128]

In the Matter of MARK O. WASSERMAN (Admitted as MARK OWEN WASSERMAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 31, 2009

APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Mitchell T. Borkowsky* of counsel), for petitioner.

*Long, Tuminello, Besso, Seligman & Werner, LLC*, Bay Shore (*Michelle Aulivola* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a verified petition dated March 5, 2007 containing eight charges of professional misconduct. After a preliminary conference on October 22, 2007 and a hearing on December 13, 2007, the Special Referee sustained all eight charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent's counsel has submitted an affirmation in response requesting that the Court, in making its determination as to whether the imposition of sanctions is appropriate, give careful consideration to the mitigating factors present, the corrective measures undertaken by the respondent, and the Special Referee's finding relative to the credibility and remorse demonstrated by the respondent.

Charge one alleges that the respondent neglected a legal matter entrusted to him by failing to properly commence and pursue a breach of contract action on behalf of his client, Yefim Melamed, and by failing to communicate with that client with respect to that same matter, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

On or about May 14, 2003, the respondent entered into a retainer agreement with Melamed whereby he agreed to represent him and two companies under his control, Alliance Human Resources, Inc. and Human Problem Solutions, Inc., in a breach of contract action against Dr. Mamedova Braz, Maya Gurevich, and Community Related Services, Inc. (hereinafter collectively the Braz defendants). On or about May 20, 2003, the respondent received the sum of $20,000 towards the $30,000 initial retainer.

On or about October 14, 2003, the respondent filed a summons and verified complaint dated September 12, 2003, in the

Supreme Court, Nassau County, in connection with the Melamed action. The pleadings were inconsistent in that the summons named Melamed as the sole plaintiff while the complaint named three plaintiffs. Moreover, the complaint filed contained blanks in the body of the text and handwritten notations in the margin.

Although Melamed alerted the respondent to the incorrect captions, the respondent failed to amend them. The respondent failed to serve the Braz defendants within the statutorily-prescribed time.

On or about August 30, 2004, the respondent recommenced the Melamed action by filing a summons with notice, also dated September 12, 2003, in the Supreme Court, Nassau County, under a new index number. That summons still incorrectly listed Melamed as the sole plaintiff. He served it on the Braz defendants on or about August 31, 2004.

The Braz defendants made a demand, on or about September 8, 2004, that a verified complaint be served upon them within 20 days. The respondent took no further action and, at times during his representation, failed to disclose to Melamed the status of the action.

Charge two alleges that the respondent handled a legal matter which he knew he was not competent to handle, without associating with an experienced lawyer and failing to seek assistance in the Melamed matter, in violation of Code of Professional Responsibility DR 6-101 (a) (1) (22 NYCRR 1200.30 [a] [1]).

The respondent's experience primarily consisted of criminal and matrimonial law. Although he undertook the representation of Melamed in a breach of contract action, he had limited familiarity with commercial civil litigation and failed to seek assistance from or associate with a lawyer competent in that field.

Charge three alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by neglecting a legal matter entrusted to him and by attempting to handle a type of case he was not competent to handle alone, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based upon the factual specifications of charges one and two.

Charge four alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to properly respond to the lawful demands of the Grievance Committee with respect to the Melamed complaint, in violation of Code of

Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

By letter dated April 22, 2005, the Grievance Committee requested the respondent's answer to the Melamed complaint within 15 days. The respondent failed to comply.

By certified letter dated May 27, 2005, the Grievance Committee requested the respondent's answer within 10 days. The postal return receipt reflects delivery to the respondent on or about May 31, 2005. At the respondent's request, the Grievance Committee granted an extension of time to answer until June 15, 2005. The respondent still failed to comply.

By certified letter dated July 13, 2005, the Grievance Committee directed the respondent to submit an answer to the Melamed complaint, along with an explanation for his failure to cooperate, within five days, and warned that a motion for his suspension would otherwise ensue. Although the postal return receipt indicates receipt by the respondent on or about July 15, 2005, he failed to submit an answer within the time set by the Grievance Committee.

At the respondent's request, the Grievance Committee extended the time to answer until August 3, 2005. The respondent still failed to comply.

By certified letter dated September 12, 2005, the Grievance Committee directed the respondent to answer by September 21, 2005. The respondent submitted an answer on or about September 22, 2005, stating that he was now moving forward with the civil case.

By letter dated February 27, 2006, the Grievance Committee requested an update on the status of the Melamed litigation, together with copies of pleadings, discovery demands, responses, and correspondence by March 10, 2006. The respondent failed to comply.

On or about March 23, 2006, the respondent advised Grievance Counsel that he would send the documents as soon as possible.

By letter dated April 13, 2006, the Grievance Committee requested the update and documents by April 25, 2006. The respondent still failed to comply.

On or about May 17, 2006, the respondent forwarded various documents to the Grievance Committee but failed to provide the requested update.

By letter dated May 23, 2006, sent via fax and regular mail, the Grievance Committee requested the update and a detailed

description of all actions taken by the respondent in the Melamed action since September 21, 2005, by May 25, 2006. The respondent still failed to comply.

By certified letter dated June 1, 2006, the Grievance Committee directed the respondent to schedule a date to be examined under oath. The respondent called Grievance Counsel on or about June 13, 2006, and scheduled an examination under oath for July 6, 2006. The respondent explained that his medical difficulties prevented him from responding previously.

By letter dated June 15, 2006, the Grievance Committee requested an update, a detailed description of actions taken since September 21, 2005, and records of the respondent's medical difficulties by June 23, 2006.

On or about July 5, 2006, the respondent faxed a letter to the Grievance Committee setting forth a chronology of the actions taken in the Melamed action and a second letter describing his medical difficulties. The respondent did not provide any medical or other records evidencing his infirmities. He also submitted an affirmation of engagement reflecting that he would be engaged in an unrelated matter on July 6, 2006, and was granted an adjournment of his examination under oath.

At the examination under oath on September 28, 2006, the respondent agreed to obtain and submit records supporting his claim that he encountered medical difficulties preventing him from responding to the Grievance Committee's prior inquiries. He failed to provide such records.

Charge five alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by failing to properly respond to the Grievance Committee's legitimate demands with respect to the Melamed complaint, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge six alleges that the respondent engaged in conduct that is prejudicial to the administration of justice by failing to respond to notices from the Office of the Administrative Judge of Nassau County directing him to submit a response to request for fee arbitration under part 137 of the Rules of the Chief Administrator of the Courts (22 NYCRR) with respect to his client, Raymond J. DeStefano, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

On or about May 12, 2005, the respondent received a notice from the office of the Administrative Judge advising that his cli-

ent, Raymond J. DeStefano, had filed a request for fee arbitration. The notice directed the respondent to complete and file a response to request for fee arbitration within 15 days of his receipt of the notice. The respondent failed to comply within the time provided.

On or about June 14, 2005, the respondent received a second notice from the Administrative Judge's office requesting a response to request for fee arbitration in the DeStefano fee dispute within 15 days. The respondent failed to comply.

Charge seven alleges that the respondent engaged in conduct that is prejudicial to the administration of justice by failing to respond to notices from the Office of the Administrative Judge of Nassau County (hereinafter the OAJ) directing him to submit a response to request for fee arbitration with respect to his client, Robert Palumbo, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

On or about May 12, 2005, the respondent received a notice advising that his client, Robert Palumbo, had filed a request for fee arbitration. The notice directed the respondent to complete and file a response to request for fee arbitration within 15 days of his receipt of the notice. He failed to comply.

On or about June 14, 2005, the respondent received a second notice from the OAJ requesting a response to request for fee arbitration in the Palumbo fee dispute within 15 days. He still failed to comply.

Charge eight alleges that the respondent engaged in conduct that is prejudicial to the administration of justice by failing to properly respond to the lawful demands of the Grievance Committee with respect to two sua sponte complaints initiated by it in connection with the DeStefano and Palumbo fee disputes, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

By letters dated July 15, 2005, the Grievance Committee advised the respondent that it had commenced two sua sponte investigations based upon his failure to cooperate with the OAJ in the DeStefano and Palumbo fee disputes and requested his answer within 15 days. On or about July 29, 2005, the respondent advised Grievance Counsel that he had received the letters and would submit answers by August 3, 2005. He failed to do so.

By certified letter dated September 12, 2005, the Grievance Committee demanded responses to both sua sponte complaints

by September 21, 2005. The postal return receipt reflects receipt by the respondent on or about September 13, 2005. The respondent submitted his responses to the sua sponte complaints on or about September 21, 2005.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained all eight charges. The Grievance Committee's motion to confirm is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent's disciplinary history includes a letter of admonition, dated February 18, 2000, for neglecting a legal matter entrusted to him, and a letter of caution, dated September 24, 1999, for violating his *Brady* (*see Brady v Maryland*, 373 US 83 [1963]) obligations while working as an Assistant United States Attorney and for failing to cooperate with the Grievance Committee.

The respondent has expressed sincere regret and embarrassment for his actions. He was ultimately cooperative and candid with the Grievance Committee. The respondent states that he never intended to be disrespectful to the Grievance Committee or the Court, having worked for the federal government for $4^{1}/_{2}$ years as an Assistant United States Attorney.

Letters attesting to the respondent's excellent reputation in the legal community, as well as his compassion, have been submitted on his behalf by his office manager, his legal associate, his ex-wife, and two women for whom he rendered legal services pro bono.

Substantial mitigation exists in the form of the respondent's ongoing family and personal health problems, the remedial measures he has implemented, his expressed remorse, and the absence of an injured party by virtue of the respondent's refunding of the entire Melamed retainer and his resolution of the two fee disputes.

Notwithstanding the mitigation advanced, the respondent has also been charged with multiple counts of failures to respond to notices with respect to fee arbitration and to lawful demands of the Grievance Committee. Under the totality of circumstances, he is suspended from the practice of law for a period of one year.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and DILLON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Mark O. Wasserman, admitted as Mark Owen Wasserman, is suspended from the practice of law for a period of one year, commencing May 1, 2009, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that during that period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (c) fully complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent, Mark O. Wasserman, admitted as Mark Owen Wasserman, shall desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Mark O. Wasserman, admitted as Mark Owen Wasserman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).